IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

|  |  |
|---|---|
| JOSE JAVIER MOLINA VARGAS, | |
| *Petitioner*, | Civil Action No. 3:26-cv-164 |
| v. | Hon. William S. Stickman IV |
| LEONARD ODDO, *et al*, | |
| *Respondents*. | |

**ORDER OF COURT**

Petitioner filed a Petition for Writ of Habeas Corpus.  (ECF No. 1).  He wants the Court to enjoin his removal to Mexico.  The Court will do no such thing.

The Supreme Court has made clear that "final orders of removal may not be reviewed in district courts, even via habeas corpus, and may be reviewed only in the courts of appeals." *Nasrallah v. Barr*, 590 U.S. 573, 579–80 (2020).  District courts lack jurisdiction over both the challenge to a final removal order itself, 8 U.S.C. § 1252(a)(5), and claims that "aris[e] from any action taken or proceeding brought to remove an alien[,]" 8 U.S.C. § 1252(b)(9).  *E.O.H.C. v. Sec'y U.S. Dep't of Homeland Security*, 950 F.3d 177, 184 (3d Cir. 2020).  Courts, including the United States Court of Appeals for the Third Circuit, have interpreted the jurisdictional bar to review of issues relating to removability broadly.  *See Khalil v. President, United States*, 164 F.4th 259 (3d. Cir. 2026).  A district court's lack of jurisdiction extends even where a petitioner seeks to challenge deportation to a country not designated on his or her final order of removal. *Tonfack v. Att'y Gen.*, 580 F. App'x. 79, 81 (3d Cir. 2014) (affirming dismissal of habeas petition for lack of jurisdiction where Petitioner challenged removal to third country, finding that issue is encompassed in removal order and not independent).

1

Because Petitioner is subject to a final order of removal, and his objections forming the core of his petition relate to the removal determination, the Court is bereft of jurisdiction to consider the merits of his claims and to enjoin his removal.  To the extent that Petitioner raises the Convention Against Torture as a basis for the requested relief, this Court lacks jurisdiction to adjudicate that claim.  *See* 8 U.S.C. § 1252(a)(4); *see also Riley v. Bondi*, 606 U.S. 259, 279–280 (2025) (Thomas, J., concurring) (citing *Jennings v. Rodriguez*, 583 U.S. 281, 316 (2018)).

AND NOW, this 17th day of March 2026, IT IS HEREBY ORDERED that the Petition for Writ of Habeas Corpus (ECF No. 1) is DISMISSED.  The Clerk of Court is to mark this CASE CLOSED.

BY THE COURT:

*/s/William S. Stickman IV*
WILLIAM S. STICKMAN IV
UNITED STATES DISTRICT JUDGE
